**INDUSTRIAL QUIMICA DEL NALON, S.A., as successor to Asturquimica, S.A., Plaintiff,**

v.

**UNITED STATES, C. William Verity, Secretary of Commerce, Jan Mares, Deputy Assistant Secretary for Import Administration, and William Von Raab, Commissioner of Customs, Defendants.**

Court No. 88-07-00492.

United States Court of International Trade.

March 13, 1990.

Kaplan Russin & Vecchi, Dennis James, Jr., and Kathleen F. Patterson, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Jane E. Meehan, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, Judge.

On December 21, 1989, this action was partially remanded to the International Trade Administration of the U.S. Department of Commerce ("ITA"). In the Court's order (*see* 729 F.Supp. 103), ITA was directed to verify the responses of Asturquimica relating to technical services and invoice processing costs pursuant to 19 U.S.C. § 1677e(b) (1988)[1], if such information is the type normally relied upon or received by ITA when conducting verification. ITA was also instructed to redetermine whether dumping margins in the instant case arose from a temporary or sustained shift in currency exchange rates, and whether application of the special rule of 19 C.F.R. § 353.60(b) (1989)[2] or some other form of adjustment was warranted in either case.

Based on this outcome, defendant has moved to amend the Court's order to provide for certification of two issues claimed to be rulings of first impression in this Court, which will have a profound impact upon the conduct of pending and future administrative reviews of antidumping duty orders. As framed by the government, these issues should read:

1. Whether the Court was correct in determining that Commerce was required to conduct verification in this administrative review pursuant to 19 U.S.C. § 1677e(b) (1984); and

2. Whether the Court was correct in determining that the "special rule" contained in 19 C.F.R. § 353.60(b) applies to administrative reviews and in remanding this case to Commerce to redetermine whether some form of adjustment for exchange rate changes was warranted.

Because these issues present controlling questions of law over which substantial ground for a difference of opinion exists, defendant claims that certification of these issues will materially advance the ultimate termination of this litigation.

---

1. The statute reads in pertinent part:

    **(b) Verification**

    The administering authority shall verify all information relied upon in making—

    (1) a final determination in an investigation,

    (2) a revocation under section 1675(c) of this title, and

    (3) a review and determination under section 1675(a) of this title, if—

    (A) verification is timely requested by an interested party as defined in section 1677(9)(C), (D), (E), (F), or (G) of this title, and

    (B) no verification was made under this paragraph during the 2 immediately preceding reviews and determinations under that section of the same order, finding, or notice,

    except that this clause shall not apply if good cause for verification is shown.

2. **§ 353.60  Conversion of currency.**

    (b) *Special rule for investigations.* For purposes of investigations, producers, resellers, and importers will be expected to act within a reasonable period of time to take into account price differences resulting from sustained changes in prevailing exchange rates. When the price of the merchandise is affected by temporary exchange rate fluctuations, the Secretary will not take into account in fair value comparisons any difference between United States price and foreign market value resulting solely from such exchange rate fluctuation.

Plaintiff does not oppose certification of the two issues *per se*, but objects to the overly broad manner in which defendant has drafted the issues. Moreover, plaintiff asserts that the second issue relating to application of the "special rule" does not present a controlling question of law since this Court's order vested ITA with discretion to determine the outcome.

Plaintiff would formulate the issues for certification as:

1. Whether the Court was correct in determining that Commerce was required to conduct verification of the claimed adjustments for technical services and invoice processing costs in this administrative review; and

2. Whether the Court was correct in determining that the "special rule" contained in 19 C.F.R. § 353.60(b) may be applied in administrative reviews.

The Court declines to certify the second issue for immediate appeal because it presents no controlling question of law. The Court's previous order vested ITA with discretion to determine whether application of the "special rule" or some other form of adjustment was warranted in this case. In fact, the Court specifically stated: "[R]ather than opining on the matter, the Court will defer to ITA's expertise to develop more consistent modes of application of 19 C.F.R. § 353.60(b) in keeping with its duty to enforce the antidumping laws fairly." At 114. Given such language, the second issue as framed by both parties does not advance a controlling question of law within the meaning of 28 U.S.C. § 1292(d)(1), and plaintiff's motion for certification of that issue is denied.

As to the first issue, the Court finds that both parties have phrased the issue in unduly broad terms. The government in particular has mischaracterized the Court's previous order by repeatedly asserting that the order requires verification to be conducted every two years in pending and future administrative reviews. Such an expansive interpretation cannot be supported by an objective examination of the Court's opinion and order.

■ After reviewing 19 U.S.C. § 1677e(b) (1988), the legislative history of that law (and its revisions), and the effect of *Al–Tech Specialty Steel Corp., et al. v. United States*, 745 F.2d 632 (Fed.Cir.1984) on those revisions, the Court concluded it could find no alternative to requiring ITA to comply with the clear language of the statute. At 108. Thus, the Court held that verification of plaintiff's responses relating to technical services and invoice processing costs was mandatory in this instance pursuant to 19 U.S.C. § 1677e(b) since (1) ITA had been requested to verify such responses by an interested party, (2) no verification had taken place during the prior two years, and (3) a minimal indication of changed circumstances justifying verification existed. *Id.* Therefore, in accordance with the statute, no verification is required unless these three conditions have been met.

■ Accordingly, the government's motion to amend the Court's order of December 21, 1989 is granted in part, with the following language to be added at the conclusion of the order. [Editors Note: The additional language has been omitted from publication as it has been added to the original opinion published at 729 F.Supp. 103.]

SO ORDERED.